## SKINNER vs. TOWN OF WOODSTOCK.

The statute (Rev. Stat., tit. lv., sec. 38) which provides that the assessors of a town shall be entitled to receive as a compensation for their services, one dollar on each thousand dollars of the amount of the assessment list of such town, does not create such a joint interest in such compensation, where there are more assessors than one, as to make it necessary that all the assessors should join in an action for its recovery.

THIS was an action of assumpsit, brought originally before a justice of the peace, and appealed by the defendants to the superior court, where it was tried on the general issue closed to the jury, at the session of said court in the county of Windham, holden in August, 1856.

The plaintiff claimed to recover for his services as an assessor of the town of Woodstock for the year 1854. It appeared in evidence that the plaintiff and two other electors of the town were legally chosen assessors of said town for that year, and that all accepted the office and acted as such assessors during the year. The defendants thereupon claimed, and asked the court to charge the jury, that as matter of law, by force of the statute providing for the compensation of assessors, the three assessors must join in an action to recover their common compensation; and that the plaintiff alone could not sustain an action to recover his separate portion thereof. The statute referred to is as follows : " The assessors shall be entitled to receive as a compensation for their services, one dollar on each thousand dollars of the amount of the assessment-list of such town, and such further sum as the selectmen of the town may deem reasonable." It was not claimed that the selectmen had agreed to allow any other compensation than the percentage provided by the statute. The court did not charge the jury as requested, but instructed them that it was a question of fact for them to pass upon, whether there was any ground for the claim that the two assessors named should have been joined with the plaintiff in the suit; and that in the absence of proof that the plaintiff was in partnership with the other assessors, or jointly con-

Skinner *v*. Town of Woodstock.

tracted, or acted jointly with them in performing the services for which the action was brought, the law was not, as claimed by the defendants, that by mere force of the statute the action must be joint in favor of all the assessors.

The jury having returned a verdict for the plaintiff, the defendants moved for a new trial.

*Burnham*, in support of the motion.

1. The interest of the assessors in the compensation proved by the statute, is joint. The statute gives them as a board a percentage on the amount of the assessment list. Stat., ed. 1854, p. 848, sec. 38.

2. All the action of the assessors was joint. They act as a board in performing all their duties, and can act legally only in this manner. Stat., p. 836. *Middletown* v. *Berlin*, 18 Conn., 189.

3. Such being the fact, neither can sue alone for his share of the compensation. 1 Chit. Pl., 8, 9. *Russell* v. *Stocking*, 8 Conn., 237, 242.

4. The promise proved is variant from that averred. *Willoughby* v. *Raymond*, 4 Conn., 131, 133.

No counsel appeared for the defendant in error.

HINMAN, J. The plaintiff sued the town for his services as an assessor; and as there were three assessors for the year when the services were rendered, and the compensation for the whole service is, by statute, made to depend for the most part on the amount of the assessment list, (Rev. Stat., tit. lv., sec. 38,) the defendants claimed that the action should have been brought in the names of all the assessors jointly, and that it can not be sustained by the plaintiff alone. The court put it to the jury to find whether there was any partnership, or any joint interest in the claim between the assessors, or whether the plaintiff acted jointly with the other assessors; and told the jury that, by the mere force of the statute, the action need not be joint in favor of all the assessors; and the jury found a verdict for the plaintiff.

We have not been satisfied that the defendants can justly complain of this. The course adopted seems to be sanctioned by the rule that where the interest or cause of action is several, each of the covenantees may bring an action for his particular damage, notwithstanding the words of the covenant are joint. 1 Saund., 154, n. 1. We do not, therefore, advise a new trial.

In this opinion the other judges, WAITE and STORRS, concurred.

New trial not advised.